IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RHONDA COOPER,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:12-cv-02532

ETHICON, INC., et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Defendant's Motion for Summary Judgment Based on the Statute of Limitations [ECF No. 53] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") and Defendant's Motion for Summary Judgment [ECF No. 60]. As set forth below, Ethicon's Motion for Summary Judgment Based on the Statute of Limitations [ECF No. 53] is **DENIED** and Defendant's Motion for Summary Judgment [ECF No. 60] is **GRANTED in part** and **DENIED in part**.

I.   Background

This action involves an Arkansas plaintiff who was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. Second Am. Short Form Compl. [ECF No. 24] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation

concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are approximately 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 210, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Dec. 18, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 3 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth

of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Arkansas law applies to the plaintiff's claims. If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as Ms. Cooper did in this case, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See*

3

*Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Cooper underwent the TVT-O implantation surgery in Arkansas. Second Am. Short Form Compl. [ECF No. 24] ¶ 11. Thus, the choice-of-law principles of Arkansas guide the court's choice-of-law analysis.

Arkansas courts consider the *lex loci delicti* doctrine and Dr. Robert A. Leflar's five choice-influencing factors in conjunction when analyzing choice of law problems. *Ganey v. Kawasaki Motors Corp., U.S.A.*, 234 S.W.3d 838, 847 (Ark. 2006); *Schubert v. Target Stores, Inc.*, 201 S.W.3d 917, 922-23 (Ark. 2005). "Under the doctrine of *lex loci delicti*, the law of the place where the wrong took place is the proper choice of law." *Ganey*, 234 S.W.3d at 846. The five choice-influencing factors, promulgated by Dr. Leflar, include (1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law. *Id.* The Leflar factors, however, are used only to soften "a rigid formulaic application" of the *lex loci delicti* doctrine. *See Gomez v. ITT Educ. Servs., Inc.*, 71 S.W.3d 542, 546 (Ark. 2002). In the case at bar, those factors are inapposite. The implantation surgery that resulted in Ms. Cooper's alleged injuries took place in Arkansas where Ms. Cooper is a resident. Accordingly, Arkansas's substantive law governs this case.

4

### III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

#### A. Conceded Claims

The plaintiff concedes the following claims: (II) strict liability – manufacturing defect, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (IX) negligent misrepresentation, (XI) breach of express warranty, (XII) breach of implied warranty, (XIII) violation of consumer protection laws, and (XV) unjust enrichment. Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

#### B. Strict Liability – Defective Product

Arkansas does not recognize a claim for "defective product." Instead, state law recognizes "three varieties of product defects: manufacturing defects, design defects, and inadequate warnings." *West v. Searle & Co.*, 806 S.W.2d 608, 610 (Ark. 1991). Accordingly, Ethicon's Motion as to strict liability—defective product (count IV) is **GRANTED**.

#### C. Negligent Infliction of Emotional Distress

"Arkansas does not recognize the tort of negligent infliction of emotional distress." *Dowty v. Riggs*, 385 S.W.3d 117, 120 (Ark. 2010) (citing *FMC Corp. v. Helton*, 202 S.W.3d 490, 502 (Ark. 2005)). Accordingly, Ethicon's Motion as to negligent infliction of emotional distress (count X) is **GRANTED**.

#### D. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the

plaintiff's remaining claims challenged by Ethicon, including timeliness under the Arkansas statute of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment Based on the Statute of Limitations [ECF No. 53] is **DENIED** and Defendant's Motion for Summary Judgment [ECF No. 60] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: (II) strict liability – manufacturing defect, (IV) strict liability – defective product, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (IX) negligent misrepresentation, (X) negligent infliction of emotional distress, (XI) breach of express warranty, (XII) breach of implied warranty, (XIII) violation of consumer protection laws, and (XV) unjust enrichment. Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 16, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6